Good morning, Your Honors. I am Dustin Deisner, representing the Appellants Griffin in this matter. I propose today to address two issues. First, whether this case is moot. And second, whether the Bankruptcy Court properly supported its final decision. Factually, it's a pretty simple case. It was an adversary proceeding to determine whether money was still due to the Griffins based on some real estate contracts. A bankruptcy ensued, the adversary proceeding went forward. Unfortunately, procedurally, the lawyer for the Griffins at that time didn't follow through on filing some of the materials he was supposed to file and didn't file a brief. As a result, the Bankruptcy Court ruled that no money was due to the Griffins and this matter then went up on appeal. Well, you say unfortunately. The problem is that the lawyer for the Griffins didn't file the papers that were necessary to establish any particular amount. Is that correct? Well, I guess that kind of plays into my basic argument, Judge, which is that we don't know, based on the way the court made its findings, just exactly why. What was the evidence in the record at that time? The evidence showing the amount that was due and owing. It was an interpretational issue. As I understand it, there was a question about when interest accrual should have begun, how the interest accrual would apply, and how payments would apply. And those were issues that were supposed to have been addressed by a couple of accountants, did not end up being addressed. Well, did the judge determine when the interest was due to accrue? The judge made a rather general conclusion that there was no money due based on discovery materials, exhibits that had been filed. There's no specificity in that, in those findings. What you're saying is there was no need for any specific numbers to be presented to the district judge? I mean, the bankruptcy judge? I'm not sure I understand your question, but let me see if I can answer it this way. There needed, the court simply needed, in my opinion, to point to what evidence it was basing its decision on rather than saying. If I had my question to you, what was the evidence there to support the amount that allegedly was due and owing? And I'd have to refer you to Mr. Dye's brief in this matter. I didn't brief the case. Well, the problem here is the court said, please send in factual information by a certain deadline, and if you don't, I will make a decision on the existing record. Nothing was brought in, and the court said, okay, I warned you, so I'm going to make a decision on the existing record. And I think what my colleagues are getting at is that on that existing record, there was no evidence of any amount owing, and even if out there in the real world there may have been an amount owing, it was not before the court at the time of the decision. So why is that reversible? Two things, Your Honor. One, because even the material that was in front of the court gave rise to a dispute whether there was an amount owing, and the court did not identify which of the various documents it relied on to conclude that there was no money due, which makes it impossible for this court to review that question, even though with documentary evidence, you're in a good position. What was the dispute? What was the, the same question Judge Byers asked, what was the evidence that showed that a particular amount was owing? I'm going to have to tell Your Honors that I didn't derive that in detail in my review of the brief, and I'll have to refer you to Mr. Dye's brief on that issue. I think he refers to it, but if he doesn't, then I'm not able to help you with that. But the second issue, the second answer, Judge Graber, to your question is that this was a sanction then for Mr. Dye's failure to file a brief. No, it wasn't. I don't understand how you even get to that argument because what the court said was I'm looking at the record and I'm making a factual determination on the record. The court said, the court quieted title. It didn't dismiss the case. It didn't say anything bad about the lawyers other than that they hadn't presented any evidence. I don't understand why that's a sanction. Only because the judge at one point said this is basically a default. Well, a default isn't a sanction either, is it? Well, I guess it isn't, but the court made its decision in the absence of Mr. Dye's input, and well, he had every opportunity. Your Honors, I'm obviously struggling with trying to defend Mr. Dye's position, and the best I can tell you is that he moved for reconsideration and to reopen the record. The court did not permit that. That is a discretionary call on the part of the court. I recognize that, but it had the effect of being a sanction against the client, depriving the client of the opportunity to present her point of view on how much money was owed. Mr. Dye, in his brief, goes into some detail, pointing out that it was never the understanding of the parties that there would be no money due under the contract. In fact, the pretrial order indicated that the issue was not whether money was due, but how much was due. Now, okay, maybe how much means it could be zero, acknowledged. But at this point, the best I can tell the court is that the reason that the judge made the decision that was made was because of Mr. Dye's failure to supply those materials, and I am asking this court to review that discretionary decision in light of the fact that it had the effect of being a sanction. All right. Let me take just a quick second to address mootness. I direct the court's attention to the Focus Media case, 378 F3rd 916. There are a couple issues in mootness. One is whether it's impossible to fashion effective relief at this point. We're talking about money. That's all it is right now, a dispute about money. Just about money. We don't have to unravel any subsequent transfers. Correct. And that's the other issue I don't believe counsel has established, that things have changed so much that you couldn't go back and unravel this. You talked about this in In re Sherman, which is 491 F3rd 948. Both parties are still before the court, and both were aware of the pending appeal. And, in fact, a lot of the time that this case has sat on the edge of settlement, there was an agreed stay in this court. It seems to me that the party can't now claim mootness based on that delay of time. I'm not sure how you stay in order not to pay money. I'm not sure that anybody could have stayed the bankruptcy court's order back then. But, in any event, I don't believe it's moot. I believe the court should reach the merits of the case, and we've already discussed that as inadequately as I may have done, and I apologize, but I did not prepare this appeal. May I answer any other questions? No, I think we've explored it. Thank you. Thank you, counsel. Good morning. May it please the court, my name is John Binney, and I represent Selkirk on this appeal. And I did want to start by addressing the mootness issue since the court left off with that. It is my position that this appeal is moot. Basically, as this court is aware, there have been significant delays. I realize a number of those have been. That doesn't make a case moot, though. No, in and of itself it doesn't, but this court has indicated in the past that equitable mootness can arise in a bankruptcy under certain circumstances. This case was filed 12 years ago. The only thing in dispute, right, is money? Between the parties? Pardon me, Your Honor. To the extent that they are not challenging the title to the property, that may be the case. But a part of Judge Peterson, the bankruptcy judge's order in this case, was quieting title to the property. The property has been sold. The creditors that essentially ended up having claims in the Chapter 11 bankruptcy have been paid. Basically, three years after that order was entered, the bankruptcy was essentially closed. The final decree was entered indicating that it had been fully administered. And it's my view that the Roberts Farm case indicates that if you have a case, Chapter 11 is confirmed that involves sale of property, paying creditors, and that's all been consummated, which is the case here. This case was confirmed more than 10 years ago. Those creditors have been paid. Basically, other parties now own the real estate that is involved. The appeal that was initially filed, and I, like Mr. Deichner, are fairly new to this case, but when this appeal was filed, my understanding that a part of what they were requesting was a determination that since the Griffins were owed money, they still had rights, liens, claims against the real property. They did not post a bond. There was no stay in this case. From my standpoint, I believe that that means that the court could dismiss this case and should dismiss this case, appeal is moot. I would also, just in backing up a bit, as the court is aware, there are two matters on appeal that are consolidated, 0035982, which essentially had to do with the determination in the adversary proceeding. There's no challenge to the confirmation of the plan in the briefs. Yes, Your Honor, and that is my point, is that the briefing below does not challenge the confirmation order. And it's my understanding, based on this court's rules, appellate rules, that if they didn't brief it, then that's not even an issue in this case, and that that has to stand at a minimum, that must stand, and that that appeal should be dismissed for failing to do that. Suppose we just go right to the merits. Yes, Your Honor, and from my standpoint, dealing with the merits of this case, the bankruptcy judge, which was affirmed by the district court at the first level of appeal, basically determined that nothing was owed to the Griffins. And I would point out a couple of things. First, an issue has been made that the pretrial order in this said how much is owed, and sort of precluded that there was no option that there was nothing owed. I disagree with that. If the court looks at the pretrial order that was filed in this case, paragraph 5, disputed factual issues, it indicates how much was paid by Selkirk and his predecessors to Griffin. An alternative out of that was that they were paid enough that they were fully paid. It's my belief that given the state of the record in this case, that was the conclusion by the bankruptcy judge, that was reviewed again at the first level of appeal by the United States District Court for the District of Montana, and they found that, likewise, found on appeal that that was the case. This court, obviously, as a reviewing court, in terms of findings of fact, has to find that the bankruptcy court was clearly erroneous in making that determination, and my view is that there is sufficient evidence in this case that you can't make that finding. It was not clearly erroneous. In addition, if you look at the evidence in place, and I know that the district court commented in the first level of appeal that Griffin's, and I understand that wasn't Mr. Dishner's client at the time, but that Griffin's had numerous bites at the apple. I mean, basically, they had a trial on February 25, 1999 is when this case was tried. The judge at that time indicated they had 10 additional days. Since the accountants weren't ready, it was tax season and so forth, they weren't ready. The judge gave the parties essentially additional time to file briefs and supporting documentation, supporting how much, if any, Griffin's was owed. They missed that deadline. The court then entered another written order, I believe it was on April 23, 1999, that specifically said that they had until May 3rd, all parties had until May 3rd, to file their briefs in support of basically their position in this case and file any additional information regarding the amount owed. Selkirk filed it on May 3rd. Griffin did not. The court entered its May 4th, or excuse me, yeah, May 4th, 1999 order, essentially entering judgment in favor of my clients in this case. At that point, Mr. Dye, on behalf of the Griffins, filed a motion for reconsideration. Again, the bankruptcy court, as a part of that, granted additional time. And there was, admittedly, there was some settlement negotiations in this case being discussed at that point in time, but the orders of the bankruptcy court, in my opinion, were clear. They gave Griffins additional time. They didn't file any additional information. They didn't file a brief. They had another hearing, I believe that was May 20th, and ultimately when the deadlines were all met, basically in October of 1999, the bankruptcy court entered a judgment affirmed on the adversary proceeding in favor of my clients. And as the district court commented in its review of this on the first level of appeal, Griffins had numerous bites at the apple. My view also is if you look at the record, and admittedly, it perhaps isn't as voluminous as it could be, but in my view, that was Griffins' responsibility. What the judge did rely on that, as can be seen by reviewing the record, is the discovery responses that Griffins did to sell Kirk's discovery request. Those were filed. I believe there were roughly 20 exhibits in those discovery requests. They were in the record. Judge Peterson clearly reviewed what was in the record, and I don't believe this court on review can make a determination that his findings were clearly erroneous. So essentially it's our position that either this matter should be dismissed as moot, or alternatively the court should affirm this case as the findings made by the bankruptcy court supporting its judgment was not clearly erroneous. Thank you, Judge. Thank you, and that is all I have. Your Honors, Mr. Dice sets out the evidence supporting Griffins' claims on page 8 of his brief, which he indicates shows at least some evidence in front of the court that there was about $230,000 due. The bankruptcy court made a determination that that was not correct and that other evidence was correct, but my only point in advancing Mr. Dice's argument is that since the bankruptcy court findings are unclear as to why it made that decision, it's difficult to review that. I will tell the court that the reason that I'm here and not as versed in this case as I wish I was is that we had resolved a claim with Mr. Dice on behalf of the Griffins, and as part of that he withdrew and I substituted. That might become an issue if you remand the case depending on the application of collateral source, and I just wanted to advise the court of that, but I don't think it affects your decision substantively today. May I answer any further questions? Thank you. Further. Thank you, Your Honors. Thank you, counsel. Thank you. The case is arguably submitted.
judges: Reinhardt, Graber, Paez